# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-10251
Summary Calendar

DONALS RAY DAVIS, also known as Donald Davis,

Plaintiff-Appellant,

v.

TYE HEATH, Claims Examiner; LISA OLSON, Dispute Review Officer; PAULA NORRIS, Claims Adjuster; ALMA DOGGETT, Claim Analyst,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:06-CV-76

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Donals Ray Davis, Texas prisoner # 1326046, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. Davis argues that the district court erred in dismissing his complaint against employees of the Texas Workers Compensation Commission because the defendants are not immune from suit. He also contends that the definition of disability in the Texas Workers Compensation Act is unconstitutionally vague.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and does not constitute precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Davis does not challenge findings from the district court that he failed to allege a property interest, that his equal protection claim is without merit, and that he pleaded facts showing that he was not prevented from employment by a disability, but rather incarceration. Because Davis failed to brief these issues, they are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Davis's argument challenging the defendants' immunity status is without merit. The district court did not determine that the defendants were immune. The judgment from which Davis appeals is not based upon immunity. Additionally, Davis's argument challenging the constitutionality of the Texas Workers Compensation Act's definition of disability was not raised before the district court. Therefore, the issue will not be considered on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Davis's appeal is without arguable merit and is therefore dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of Davis's complaint as frivolous and this court's dismissal of Davis's appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Davis is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.